No. 13-0065 – *Lawyer Disciplinary Board v. Charles C. Amos*

**FILED**

July 18, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Justice, concurring:

I agree and concur with the disposition of this case. I write separately to clarify from my perspective a statement in the majority slip opinion, p. 15 n.21, which at first glance might be confusing or subject to misunderstanding or misapplication. This footnote states: "In fact, a respondent parent visiting a strip club is the type of unfavorable parental conduct this Court would expect to see reported in a child protective services worker's update report in an abuse and neglect proceeding."

This statement, in my opinion, must be read within the context of the facts present in this case, *i.e.*, Assistant Prosecutor Amos inviting and taking a vulnerable respondent parent in an abuse and neglect proceeding to a place of adult entertainment. There can be no doubt that Ms. C. felt at least some compulsion to accept Mr. Amos' invitation.

It is Mr. Amos' conduct and its unethical qualities which are the focus of our inquiry in this case – not Ms. C's. More to the point, it was the harmful effect which such conduct necessarily had on a vulnerable person to whom Mr. Amos owed a professional obligation which I consider to be the point of the footnote.

1

While I fully realize that statements in a footnote of an opinion of this Court are nothing more than dicta, *see State ex rel. Medical Assurance v. Recht*, 213 W. Va. 457, 471, 583 S.E.2d 80, 94 (2003) (stating that "language in a footnote generally should be considered obiter dicta"), I believe it important that this footnote not be misinterpreted. Obviously, if a parent acted in a comparable matter with respect to his/her child/children, *i.e.*, engaging in conduct which necessarily would cause harm to the child to whom the parent owed a supervisory responsibility, this Court would expect to see such conduct referenced in a child protective services worker's update report.